UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

AMICA MUTUAL INSURANCE Company
as Subrogee of Paul Laukaitis and Amy
Laukaitis,

        Plaintiff,

Docket No:

v.

BMW OF NORTH AMERICA, LLC and
WEST HERR AUTOMOTIVE GROUP,

**COMPLAINT AND JURY DEMAND**

        Defendants.
_____

## Parties

1. Plaintiff, Amica Mutual Insurance Company ("Amica") as Subrogee of Paul Laukaitis and Amy Laukaitis, alleges, by and through its counsel, Canter Law Firm P.C., that it is a business association authorized to issue policies of insurance in the State of New York and is domiciled and has a principal place of business located at Amica Mutual Insurance Company, Rochester Regional Office, 370 Woodcliff Drive, Suite 100, Fairport, NY 14450-4236

2. Plaintiff's subrogors Paul Laukaitis and Amy Laukaitis (collectively "Laukaitis"or "Insured") are domiciled in New York State and reside at 233 Orchard Park Blvd in Rochester, N.Y. 14609 (the "Premises").

3. Defendant, BMW of North America, LLC, ("BMW") was at all times relevant hereto a Delaware corporation with a principal place of business located at 300 Chestnut Ridge Road, Woodcliff Lake, New Jersey, with a registered agent for service at CT Corporation System, 111 Eighth Avenue, New York, New York, 10011 and was at all times relevant and all times hereinafter mentioned doing business in the State of New York.

4. West Herr Automotive Group ("Herr"), is a domestic corporation and an automotive dealer with its principal place of business located at 4250 West Henrietta Road, Rochester, NY 14623.

## **General Allegations**

5. At all times relevant and all times hereinafter mentioned, Amica provided insurance to Laukaitis under a homeowners policy.

6. At all times relevant and all times hereinafter mentioned, Laukaitis was the owner of a 2011 BMW X3 Vehicle with a VIN No. of 5UXWX5C59BL712291 ("Vehicle").

7. On or about April 9, 2015, the Insured placed the Vehicle inside their garage for the evening and did not run the Vehicle again.

8. On or about April 11, 2015 at or around 4:50 P.M, the Insured experienced a fire at the Premises (the "Incident"), which caused serious damages to the real and personal property of the Insured.

9. Specifically, the fire began in the garage and expanded to other floors due construction.

10. Investigation has revealed the Incident originated within the Vehicle, and that the Vehicle was the actual and proximate cause of the Incident and ensuing damages.

11. Specifically, the Incident was caused by a failure of relays or junction with power cables at the lower right front of the engine compartment which led to electrical activity and subsequent ignition of combustible materials.

12. The Vehicle was distributed/sold in New York by BMW and distributed and Herr.

13. As a direct and proximate result of Defendants' negligence in failing to warn and improperly placing a defective vehicle into the stream of commerce and/or effectuating the sale of the vehicle, the Insured suffered damage and/or destruction, all to the financial damage, loss, and detriment of the plaintiff, Amica.

14. As a direct and proximate result of Defendants' breach of expressed and implied warranties, the Insured suffered damage and/or destruction, all to the financial damage, loss, and detriment of the plaintiff, Amica.

15. Jurisdiction over the Defendants is proper because they transacted business in New York State, contracted to supply services or things in New York State, caused tortious injury in New York State by an act or omission in New York State, has retained a registered agent to accept service of process in New York State, and/or caused tortious injury in New York State by an act or omission outside New York State and regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in New York State.

## Count I
### (Negligence v. BMW)

16. The plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 15 as though set forth in full herein.

17. BMW negligently placed the subject Vehicle into the stream of commerce and/or otherwise packaged, promoted, advertised, marketed, distributed, and/or sold the subject Vehicle.

18. The damage and/or destruction to Laukaitis was the direct and proximate result of the carelessness and negligence of the defendant BMW as follows:

    (a) BMW negligently designed, developed, inspected, tested, packaged, promoted, marketed, advertised, sold and/or distributed the Vehicle;

    (b) BMW negligently failed to warn, instruct, or adequately warn or adequately instruct, users of the Vehicle and its dangerous and defective characteristics;

    (c) BMW negligently placed the Vehicle and the channels of trade, when it knew or reasonably should have known the Vehicle was dangerous and defective in nature/condition, not fit for its intended purposes;

    (d) BMW failed to comply with the applicable standards of care that then and there existing; and

    (e) BMW otherwise failed to act reasonably under the circumstances that then and there existed.

WHEREFORE, the plaintiff demands judgment against the defendant, BMW of North America, LLC, in an amount in excess of $749,837.00, together with interest and costs.

## Count II
### (Breach of Warranties v. BMW)

19. The plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 18 as though set forth in full herein.

20. BMW fabricated, constructed, supplied, distributed and/or sold a product, namely the Vehicle.

21. BMW expressly and impliedly warranted that its product was safe, merchantable and fit for its intended uses. BMW was a merchant with respect to goods of the kind involved in the Incident. BMW also knew or had reason to know that vehicle and those utilizing the product, relied on the warranties made by BMW. BMW breached its warranties because the Vehicle was unsafe, not of merchantable quality and unfit for its intended uses and purposes. The damages and destruction suffered Laukaitis and Amica were a direct and proximate result of the breaches of said warranties by BMW. Due notice has been given BMW of its breaches of warranties.

WHEREFORE, the plaintiff demands judgment against the defendant, BMW of North America, LLC, in an amount in excess of $749,837.00, together with interest and costs.

## COUNT III

### (Negligence v. Herr)

22. The plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 21 as though set forth in full herein.

23. Herr negligently placed the subject Vehicle into the stream of commerce and/or otherwise packaged, promoted, advertised, marketed, distributed, and/or sold the subject Vehicle.

24. The damage and/or destruction to Laukaitis was the direct and proximate result of the carelessness and negligence of the defendant Herr as follows:

    (a) Herr negligently designed, developed, inspected, tested, packaged, promoted, marketed, advertised, sold and/or distributed the Vehicle;

    (b) Herr negligently failed to warn, instruct, or adequately warn or adequately instruct, users of the Vehicle and its dangerous and defective characteristics;

    (c) Herr negligently placed the Vehicle and the channels of trade, when it knew or reasonably should have known the Vehicle was dangerous and defective in nature/condition, not fit for its intended purposes;

    (d) Herr failed to comply with the applicable standards of care that then and there existing; and

    (e) Herr otherwise failed to act reasonably under the circumstances that then and there existed.

WHEREFORE, the plaintiff demands judgment against the defendant, BMW of North America, LLC, in an amount in excess of $749,837.00, together with interest and costs.

## COUNT IV

### (Breach of Warranties v. Herr)

25. The plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 24 as though set forth in full herein.

26. Herr fabricated, constructed, supplied, distributed and/or sold a product, namely the Vehicle.

27. Herr expressly and impliedly warranted that its product was safe, merchantable and fit for its intended uses. Herr was a merchant with respect to goods of the kind involved in the

Incident. Herr also knew or had reason to know that Vehicle and those utilizing the product, relied on the warranties made by Herr.  Herr breached its warranties because the Vehicle was unsafe, not of merchantable quality and unfit for its intended uses and purposes.  The damages and destruction suffered Laukaitis and Amica were a direct and proximate result of the breaches of said warranties by Herr.  Due notice has been given Herr of its breaches of warranties.

WHEREFORE, the plaintiff demands judgment against the defendant, BMW of North America, LLC, in an amount in excess of $749,837.00, together with interest and costs.

### DEMANDS FOR RELIEF

WHEREFORE, Plaintiff request that the Court:

1. Enter a judgment against Defendants declaring them legally and financially responsible for the damages the Plaintiff sustained or incurred;

2. Award Plaintiff compensatory and punitive damages against Defendant in an amount equal to the damages incurred and suffered which is not less than  Seven Hundred Forty Nine Thousand Eight Hundred Thirty Seven Dollars $749,837.00;

3. Award Plaintiff the costs of suit, including attorneys' and expert witnesses' fees to the extent permitted by contract or statute;

4. Award Plaintiff pre-judgment and post judgment interest; and,

5. Such other and further relief as the Court deems just and proper.

### JURY DEMAND

The Plaintiffs hereby demand a trial by jury on all claims so triable.

           Respectfully submitted,

           /s/ Nelson E. Canter, Esq.
           Nelson E. Canter, Esq.
           CANTER LAW FIRM P.C.
           Attorneys for Plaintiff
           123 main St. 9th Fl
           White Plains, N.Y. 10601
           (914) 914-3011
           ncanter@canterlawfirm.com

Dated: White Plains, N.Y.
       November 17, 2016